**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AARON CLARK, IV, # 222915,

        Petitioner,

v.                                                      Case Number: 10-cv-13857
                                                           Honorable Victoria A. Roberts

WARDEN CATHERINE S. BAUMAN,

        Respondent.
_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL

On September 27, 2010, Petitioner, Aaron Clark, IV, filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Pending before the Court is Petitioner's "Application for Appointment of Counsel" [Dkt. # 3], filed along with his Habeas Petition. The Court construes Petitioner's Application as a Motion to Appoint Counsel. In Petitioner's Application, he does not explain why he needs the assistance of counsel. Rather, the Application is simply a documentation of his financial status. For the reasons stated, the Court denies Petitioner's Motion without prejudice.

The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003), *reh. denied*, 539 U.S. 970 (2003). There exists no constitutional right to the appointment of counsel in habeas cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any

stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  In the instant case, the Court determines, after careful consideration, that the interests of justice do not require appointment of counsel at this time.

Accordingly, **IT IS ORDERED** that Petitioner's "Application for Appointment of Counsel" [Dkt. # 3] is **DENIED WITHOUT PREJUDICE**.  The Court will reconsider Petitioner's request if it determines at a later date that appointment of counsel is necessary.  Petitioner need not file any additional motions regarding this issue.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 1, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Aaron Clark, IV by electronic means or U.S. Mail on November 1, 2010.

s/Linda Vertriest
Deputy Clerk